# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| I. DALE and PEGGY LAMB, husband and wife, et al.,  )<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>DANIEL KUDER, STANDARD WASTE SYSTEMS, LTD, THE SCOTTS COMPANY, SCOTTS PRODUCTS CO, SCOTTS PROFESSIONAL PRODUCT CO, THE SCOTTS MIRACLE-GRO COMPANY,  )<br>)<br>Defendants,  )<br>and  )<br>)<br>J.B. HUNT TRANSPORT SERVICES, INC.; and J.B. HUNT TRANSPORT, INC,  )<br>)<br>Defendants and Third-Party Plaintiffs,  )<br>v.  )<br>)<br>STANDARD WASTE SYSTEMS, LTD,  )<br>)<br>Third-Party Defendant;  )<br>and  )<br>)<br>COMMERCE AND INDUSTRY INSURANCE COMPANY,  )<br>)<br>Intervenor.  ) | Case No. 06-CV-32-JHP-KEW |

## ORDER AND OPINION

Before the Court is Plaintiffs' Third Motion to Amend Complaint to Add Party Defendants, Defendants J.B. Hunt Transport, Inc., and J.B. Hunt Transport Services, Inc.'s Response in opposition, and Plaintiffs' Reply thereto. Plaintiffs seek to amend their Petition to name as Defendants in the present action the following parties: Illinois National Insurance

Company, Lexington Insurance Company, Swiss Reinsurance America Corporation, and Lloyds Insurance Company. For the reasons stated below, Plaintiffs' Motion is GRANTED.

## Background

This case involves a negligence action by workers against various companies, including Defendant J.B. Hunt Transport, Inc., a motor carrier. On April 21, 2006, Plaintiffs filed their first Motion to Amend, seeking, among other things, to add as a named defendant Illinois National Insurance Company, who had been identified by J.B. Hunt Transport as its insurer. On April 25, 2006, the Court held a hearing by telephone, during which J.B. Hunt Transport indicated that it was self-insured up to $2,000,000 and argued that because Plaintiffs were unlikely to receive a judgment in excess of this self-insurance limit, naming Illinois National as a defendant would be unduly prejudicial.

The Court denied Plaintiffs' Motion to Amend with regard to Illinois National and "directed defendants to provide [a] copy of [the Illinois National] policy to plaintiffs' counsel within one week." (Dkt # 28.) The Court also "advised that plaintiffs may re-file their motion if upon receipt of the policy they deem it necessary." *Id*. In spite of the Court's instructions, J.B. Hunt Transport failed to produce the "self-insurance" policy at issue, and instead produced an affidavit in which it reasserted it was self-insured up to $2,000,000. In addition, the affidavit indicated that J.B. Hunt Transport had a number of excess insurers for claims exceeding its regular policy limits. These excess insurers include Lexington Insurance Company, Swiss Reinsurance America Corporation, and Lloyds Insurance Company.

Following the October 10, 2006 Scheduling Conference, the Court entered a new Scheduling Order providing that parties could join additional parties or amend their pleadings until November 13, 2006. On November 21, 2006, Plaintiffs filed their unopposed Motion to

File Out of Time Third Motion to Amend Complaint to Add Party Defendants, which the Court subsequently granted. Thereafter, on November 28, 2006, Plaintiffs filed their Third Motion to Amend Complaint to Add Party Defendants, seeking to add Illinois National and J.B. Hunt Transport's three excess insurers as Defendants. Counsel for J.B. Hunt Transport objected.

## Discussion

Plaintiff's Third Motion to Amend is predicated upon the Motor Carrier Act of 1995, Okla. Stat. tit. 47, § 230.21 *et seq*. The Act, in relevant part, provides that "[n]o license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier authorized pursuant to this section." Okla. Stat. tit. 47, § 230.30(A). In addition, the Act provides that "the liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable." *Id*. Finally, the same subsection provides that "[a] copy of the policy or bond shall be filed with the Commission, and, after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action." *Id*.

As numerous federal and state courts have made clear, the language of Okla. Stat. tit. 47, § 230.30, like its predecessor Okla. Stat. tit. 47, § 169, "creates a direct cause of action by a person injured by operation of a motor carrier against the motor carrier's insurer, provided of course that the motor carrier is required to be insured under the statute." *Mize v. Liberty Mutual Ins. Co.*, 393 F. Supp. 2d 1223, 1226 (W.D. Okla. 2005). *See also Be-Mac Transport Co. v. Lairmore*, 129 P.2d 192, 194 (Okla. 1942) ("[Okla. Stat. tit. 47, § 169] has been interpreted by

this court as authorizing a joint action on the part of an injured party against the motor carrier and its insurer."); *Blanke v. Alexander*, 152 F.3d 1224, 1230 (10th Cir. 1998) ("[J]oinder of [a] carrier's insurer in [a] personal injury action is proper."). Indeed, to maintain a cause of action against an insurer, "a plaintiff need only allege that: (1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to § 230.30." *Mize*, 393 F. Supp. 2d at 1226.

In nevertheless opposing Plaintiffs' motion to amend its pleadings to name J.B. Hunt Transport's various insurers as defendants in this case, J.B. Hunt Transport first notes that it is "self-insured" up to $2,000,000 and that "even assuming that liability is proven against [J.B. Hunt], it is completely unreasonable to believe that the Plaintiffs will receive an award of damages that could possibly exceed [$2,000,000]." (Def.'s Resp. 5.) Nevertheless, J.B. Hunt fails to present any authority for the proposition that the ability of an injured party to join a motor carrier's insurers as defendants in a personal injury action pursuant to Okla. Stat. tit. 47, § 230.30 is contingent on the reasonable value of the injured party's claims or the likelihood that the potential recovery will implicate a particular insurer's policy.

Likewise, J.B. Hunt Transport's arguments that "§ 230.30(A) is silent as to a motor carrier's *excess* insurance carrier[s]" and that "[f]or all purposes and reasonably possible jury verdicts here, Defendant [J.B.] Hunt [Transport] is self-insured and naming [J.B. Hunt Transport] as a defendant is equivalent to naming its insurer as a defendant" (Defs.' Mot. 6) are similarly unavailing. J.B. Hunt Transport cites no case law justifying a distinction between a motor carrier's primary and excess insurers for purposes of which insurers may appropriately be joined as parties to an action, and the language of the statute itself provides for no such distinction. Moreover, although J.B. Hunt Transport notes that "[t]he Illinois National policy

does not provide for any defense by Illinois National but simply reimburses or indemnifies [J.B. Hunt Transport] for monies paid up to two million dollars per event," (Defs.' Mot. 3-4), it provides no reason for distinguishing between insurers who provide a defense and those who "merely" reimburse a motor carrier for claims, especially when it is repayment of the damage claim that the injured party seeks from the insurer.

Finally, J.B. Hunt Transport argues that "[t]he Court is required, under [Fed. R. Evid.] 403, to balance unfair prejudice against probative value."[1] (Defs.' Resp. 7.) According to J.B. Hunt Transport, "evidence of its excess coverage would have [no] probative value or, if it does have some minimal probative value, such would be far outweighed by its unfair prejudice." (Def.'s Resp. 7.) In essence, J.B. Hunt Transport requests that this Court deny Plaintiff's Third Motion to Amend, despite Oklahoma's legislature having expressly provided by statute for the joinder of a motor carrier's insurers as parties to this type of action, because the potential prejudice that might result from presenting evidence concerning the existence and amount of J.B. Hunt Transport's insurance coverage or the identity of its insurers *at trial* substantially outweighs the probative value of such evidence.

Unfortunately, J.B. Hunt Transport offers no support for the proposition that the evidentiary balancing test embodied in Fed. R. Evid. 403 affects the procedural appropriateness of joining a motor carrier's insurance carrier as a party defendant. At best, Fed. R. Evid. 403

---

[1] J.B. Hunt Transport also contends that "[t]he Federal Rules of Civil Procedure require the Court to balance the value of naming Illinois National and the excess carriers as defendants against the unfair prejudice it will cause to [J.B. Hunt Transport]." (Defs.' Resp. 5.) The Court notes, however, that J.B. Hunt Transport provides no citation to any provision of the Federal Rules of Civil Procedure providing for such a balancing test to be employed prior to joinder of parties, nor to any case law supporting this position. Instead, the Court presumes this is a mislabeled reference to Rule 403 of the Federal Rules of Evidence, which J.B. Hunt Transport cites for the same proposition.

might prohibit the parties from making references to J.B. Hunt's primary and excess insurance carriers at trial, and is more appropriately raised in a motion in limine to exclude such evidence from being presented to the jury. In contrast, the Court can discern no basis for precluding the joinder of otherwise appropriately joined parties on the basis of potential prejudice that evidence relating to those parties may have on another party at trial. Instead, having found J.B. Hunt Transport's arguments unpersuasive, the Court concludes that Plaintiffs' Third Motion to Amend should be granted.

## Conclusion

For the reasons stated above, Plaintiffs' Third Motion to Amend Complaint to Add Party Defendants is hereby GRANTED. Plaintiffs are instructed to file their Amended Complaint within 10 days from the date of this Order.

IT IS SO ORDERED this 26th day of February, 2007.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma