IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| I. DALE LAMB, et al,            )<br>                                            )<br>        Plaintiffs,                )<br>                                            )<br>v.                                         )<br>                                            )<br>THE SCOTTS MIRACE-GRO     )<br>COMPANY, et al,               )<br>                                            )<br>        Defendants,              )<br>                                            )<br>and                                       )<br>                                            )<br>J.B. HUNT TRANSPORT, INC., )<br>                                            )<br>        Defendant and          )<br>        Third-Party Plaintiff,   )<br>                                            )<br>v.                                         )<br>                                            )<br>STANDARD WASTE SYSTEMS, LTD, )<br>                                            )<br>        Third-Party Defendant. ) | Case No. 06-CV-32-JHP |

## ORDER AND OPINION

Before the Court are the Motion for Summary Judgment and Brief in Support of Defendants Lexington Insurance Company and SR International Business Insurance Co., LTD, (Docket No. 249), Plaintiffs' Response to Defendants Lexington Insurance Company and SR International Business Insurance Co., LTD.'s Motion for Summary Judgment (Docket No. 267), the Reply Brief of Defendant SR International Business Insurance Company, LTD. in Support of Motion for Summary Judgment (Docket No. 297), and the Reply in Support of Motion for Summary Judgment of Defendant Lexington Insurance Company (Docket No. 302). Lexington and SR International contend that no genuine issues of material fact remain with regard to their status in this action and that they are entitled to judgment as a matter of law on Plaintiffs'

negligence claim. For the reasons set forth below, the motion is GRANTED.

## Background

On January 23, 2006, Plaintiffs initiated this action to recover damages for personal injuries allegedly sustained in part as a result of the actions of Defendant J.B Hunt Transport, Inc., a motor carrier, on June 25, 2004. Plaintiffs, employees of Georgia Pacific paper plant in Muskogee, Oklahoma, allege that they sustained injuries after being exposed to certain chemicals present in a load being delivered in a truck owned and operated by J.B. Hunt.

On March 1, 2007, Plaintiffs filed their Third Amended Complaint, in which they asserted a direct cause of action for these injuries against several of J.B. Hunt's insurers, including Lexington and SR International. SR International's policy provides J.B. Hunt with $40 million of insurance coverage in excess of $10 million, and Lexington's policy provides J.B. Hunt with $25 million of insurance coverage in excess of $50 million. (Defs.' Mot. at 2.) Plaintiffs asserted that Lexington and SR International were proper parties to the action pursuant to Okla. Stat. tit. 47, § 230.30. Neither Lexington nor SR International have liability policies covering J.B. Hunt on file with the Oklahoma Corporation Commission. (*Id.*)

On May 18, 2007, Lexington and SR International filed the instant motion for summary judgment. In their motion, Lexington and SR International assert that they are not proper parties to this action because "[t]here is no statutory authority for a direct action against [them]" and "Oklahoma law does not allow a direct action against the insurer of a defendant absent statutory authority." (*Id.* at 5.) As Plaintiffs therefore cannot prevail against them in this action, Lexington and SR International contend that they are entitled to judgment as a matter of law.

## Discussion

2

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id*.

In ruling on a motion for summary judgment, the Court examines the factual record "and draw[s] reasonable inferences therefrom in the light most favorable to the non-moving party." *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999); *see Liberty Lobby*, 477 U.S. at 255. The Court also interprets the rule in such a way as "to isolate and dispose of factually unsupportable claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). Thus, "[i]f a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Because Plaintiffs do not dispute the accuracy of the factual representations by Lexington and SR International in their motion (Pls.' Resp. at 2), the Court need only determine whether, drawing all reasonable inferences in favor of Plaintiffs, Lexington and SR International are entitled to judgment as a matter of law.

As a general rule, Oklahoma law does not permit a plaintiff to bring a direct cause of action against a defendant's insurers. *Daigle v. Hamilton*, 782 P.2d 1379, 1380 (Okla. 1989). Nevertheless, the Oklahoma legislature has created certain statutory exceptions to this general

rule. *Id*. at 1381. The Oklahoma Motor Carrier Act of 1995, Okla. Stat. tit. 47, § 230.21 *et seq*., provides in relevant part:

> No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier authorized pursuant to this section and which has complied with all of the requirements of the Commission, which bond or policy shall be approved by the Commission, and shall be in a sum and amount as fixed by a proper order of the Commission; and the liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable. A copy of the policy or bond shall be filed with the Commission, and, after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action.

Okla. Stat. tit. 47, § 230.30(A). Although not explicitly stated, the Oklahoma Supreme Court has long recognized that the language contained in this statute and its predecessors permits "joint actions against motor carriers and their insurers." *Daigle v. Hamilton*, 782 P.2d 1379, 1381 (Okla. 1989). *See also Temple v. Dugger*, 21 P.2d 482, 486 (Okla. 1933) ("[I]nasmuch as the insurance [is] required as a condition precedent to the [motor carrier's] right to operate...and also in view of the fact that the purpose of the policy was to adequately 'protect the interest of the public' and 'to bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier,' the joinder of the insurance company and [motor carrier] is proper"); *Enders v. Longmire*, 67 P.2d 12, 14 ("[A] plaintiff [is] entitled in his original action to join as defendants both the motor carrier and [its] statutory bondsman or surety."); *Blanke v. Alexander*, 152 F.3d 1224, 1230 (10th Cir. 1998) ("[J]oinder of the carrier's insurer in [a] personal injury action is proper.").

In their motion, Lexington and SR International assert that Okla. Stat. tit. 47, § 230.30(A)

4

is inapplicable to them because (1) Lexington and SR International are excess, rather than primary, insurers and (2) their policies with J.B. Hunt are not on file with the Oklahoma Corporation Commission. As a result, Lexington and SR International suggest that the general rule barring a plaintiff from bringing a direct action against a defendant's insurers applies, barring Plaintiffs from asserting a direct action against Lexington and SR International based upon the actions of their insured, J.B. Hunt. The Court addresses these arguments separately.

A. **Applicability of Okla. Stat. tit. 47, § 230.30(A) to Excess Insurers**

Lexington and SR International have identified no cases drawing a distinction between a motor carrier's primary and excess insurers with regard to the applicability of Okla. Stat. tit. 47, § 230.30(A). Instead, after quoting the applicable section in its entirety, Lexington and SR International merely offer the conclusory assertion that "[t]he forgoing statute applies only to those primary insurers whose policy or bond is on file with the Oklahoma Corporation Commission." (Defs.' Mot. at 5.) Setting aside the argument (addressed below) that the policy or bond must be on file with the Commission before the statute applies, the basis for the accompanying assertion by Lexington and SR International that the statute applies only to primary insurers is entirely absent from their motion.

Equally unhelpful is Plaintiffs' contention that "[t]his argument was addressed by this court previously and the Court affirmed that the statute makes no such distinction." (Pls.' Resp. at 5.) In its February 26, 2007 Order granting Plaintiffs' motion to amend their complaint to add a cause of action against J.B. Hunt's various insurers, including Lexington and SR International, the Court responded to a similar argument by J.B. Hunt that section 230.30(A) is silent as to a motor carrier's excess insurers by noting that "J.B. Hunt...cites no case law justifying a

5

distinction between a motor carrier's primary and excess insurers for purposes of which insurers may appropriately be joined as parties to an action, and the language of the statute itself provides for no such distinction." (Order at 4.) Nothing in the Court's Order conclusively established that section 230.30(A) does, in fact, apply to excess insurers; instead, the Court merely observed that the statute does not explicitly differentiate between primary and excess insurers, such that J.B. Hunt's reference to the statute's silence as to excess insurance carriers, without more, was a sufficient basis for denying Plaintiffs' motion to amend.[1]

Unfortunately, Lexington and SR International adopt the same approach as J.B. Hunt in its response to Plaintiffs' motion to amend, citing no authority for their conclusory assertion that a qualitative difference exists between an excess insurer and an "insurance or bonding company or [authorized] insurance carrier...which has complied with all of the requirements of the Commission," Okla. Stat. tit. 47, § 230.30(A), such that the former is beyond the reach of the statute. Accordingly, the Court finds this argument unpersuasive.[2]

**B.      Requirement of Filing with the Oklahoma Corporation Commission**

Lexington and SR International also contend that Okla. Stat. tit. 47, § 230.30(A) applies only to insurers "whose policy or bond is on file with the Oklahoma Corporation Commission." (Defs.' Mot. at 5.) As noted above, section 230.30(A) provides that "the liability and property

---

[1] Indeed, the thrust of the Court's February 26, 2007 Order was that, in light of clear authority establishing the proposition that a plaintiff may bring a direct action against a motor carrier's insurer, J.B. Hunt had failed to present any contrary authority in support of its various arguments against Plaintiffs' motion to amend.

[2] Given the Court's resolution of the matter on alternative grounds, however, the Court need not make an ultimate determination as to the applicability of Okla. Stat. tit. 47, § 230.30(A) to excess insurers.

damage insurance policy or bond shall bind the obligor thereunder to make compensation for...injuries...or damage...resulting from the operation of any carrier for which the carrier is legally liable." A casual reading of this clause might suggest that an insurer of a motor carrier is directly liable to an injured third party pursuant to any policy it issues to a motor carrier. Read in context, however, "the liability and property damage insurance policy or bond" contained in this clause clearly refers to the "liability insurance policy or bond covering public liability and property damage" that must be "filed with" and "approved by the Commission...in a sum and amount as fixed by a proper order of the Commission" prior to the issuance of a license to a motor carrier. Thus, not all insurance policies issued to a motor carrier come within the terms of section 230.30(A). Instead, under a logical reading of the statute, only those policies or bonds that the statute itself requires to be filed with and approved by the Oklahoma Corporation Commission prior to the issuance of a motor carrier's license "bind the obligor thereunder to make compensation for...injuries...or damage...resulting from the operation of any carrier for which the carrier is legally liable" and thereby create a direct cause of action against the insurer who issued the policy or bond.

Such a reading of the statute conforms with Oklahoma Supreme Court precedent. In *Jacobsen v. Howard*, 23 P.2d 185 (Okla. 1933), the Oklahoma Supreme Court reaffirmed and expanded upon its previous holding in *Temple* that a plaintiff may join a motor carrier and its liability insurer in an single action pursuant to a previous version of the motor carrier licensing statute, which provided in relevant part:

> No certificate of convenience and necessity shall be issued by the Corporation Commission to any motor carrier until and after such motor carrier shall have filed with the Corporation Commission of this State a liability insurance bond in some company authorized to do business in this State in such a penal sum as the

7

> Corporation Commission may deem necessary to adequately protect the interest of the public, with due regard to the number of persons and amount of property involved, *which liability insurance shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier.*

*Temple*, 21 P.2d at 485. In rejecting the insurer's argument that it had been improperly joined as a party to the action, the court stated:

> *When a motor carrier files with the Corporation Commission a liability insurance bond as a prerequisite to the issuance to it of a certificate of convenience and necessity*, and thereby procures the issuance of such a certificate by the Corporation Commission, *neither it nor its liability insurance bondsmen may successfully contend that its bond limits the liability imposed by the statute except as to amount. When it files its liability insurance bond with the Corporation Commission, the provisions of the statute are read into and become a part of that bond.*
>
> ...The statute binds the liability insurance bond maker to make compensation for injuries to persons resulting from the operation of the bonded motor carrier. Such a liability insurance bond is for the benefit of the motor carrier only in so far as it enables the motor carrier to procure a certificate of convenience and necessity for the operation of his business. Otherwise it is for the benefit of the person injured, and the person injured is entitled to recover the amount of his damage from the liability insurance bond maker not exceeding the amount of the bond, and, since that liability insurance bond is required to be filed with the Corporation Commission of the state by the motor carrier, the motor carrier is a party thereto as a matter of law. *Under the statute the liability insurance bond maker is liable for the injuries resulting from the operation of the motor carrier, not by reason of its bond, but by reason of the statute, after it has filed its bond*.

*Jacobsen*, 23 P.2d at 187 (emphasis added). As is clear from the Oklahoma Supreme Court's reasoning in *Jacobsen*, the statutory liability of an insurer for the actions of the motor carrier arises not merely from the issuance of an insurance policy or bond to the motor carrier, but from the filing of the particular policy or bond with the Oklahoma Corporation Commission, whose approval thereof is a prerequisite to the issuance of a motor carrier license, as surety for the motor carrier's liability to the public.

Although the specific language of section 230.30(A) differs somewhat from the language of the statute at issue in *Jacobsen*, the relevant structure, content, and meaning of the two provisions do not differ materially. Moreover, applying the reasoning in *Jacobsen* to the language of section 230.30(A) satisfies similar policies underlying both statutes. Under the statute, if a motor carrier, such as J.B. Hunt, has received a license to operate in Oklahoma, then the Oklahoma Corporation Commission must have already received and approved *some* insurance policy or bond "in a sum and amount as fixed by a proper order of the Commission." Okla. Stat. tit. 47, § 230.30(A). Presumably, that amount, as was true under the previous versions of the statute, is "a...sum as the Corporation Commission may deem necessary to adequately protect the interest of the public." *Temple*, 21 P.2d at 485. Permitting a direct action by an injured party against the insurer of a motor carrier whose policy or bond has been filed with the Oklahoma Corporation Commission as surety for the motor carrier's obtaining a license vindicates the public interest sought to be protected by the statute. To the extent that the motor carrier may choose to acquire insurance policies or bonds beyond those filed with and deemed sufficient by the Commission to protect the public's interest, section 230.30 would not apply. *See Enders v. Longmire*, 67 P.2d at 14 (noting that an injured party may join in an original action a motor carrier and its "statutory" bondsman or surety); *Traders & General Ins. Co. v. Sand Springs Home*, 158 P.2d 1018, 1020 (Okla. 1944) (noting that an action may be brought by the person for whose benefit the insurance policy "by law is required").

Of course, nothing in *Jacobsen* or section 230.30(A) prevent a plaintiff from recovering an amount in excess of the policy or bond filed with the Oklahoma Corporation Commission from the motor carrier itself. Indeed, it is for precisely this reason that a carrier like J.B. Hunt,

9

fearful of a large damage award, might purchase an excess insurance policy covering damages in excess of those otherwise provided for in the insurance policy or bond filed with the Commission. Nevertheless, the Court concludes that, pursuant to the statutory language and the reasoning set forth by the Oklahoma Supreme Court in *Jacobsen*, an injured party may not bring a direct cause of action against a motor carrier's insurer pursuant to section 230.30 unless the policy or bond issued by the insurer has been filed with the Oklahoma Corporation Commission in accordance with that section. Given the reticence of the Oklahoma Supreme Court to "recognize[] the right of a plaintiff to bring a *direct* action against the insurer of an alleged tortfeasor absent statutory edict," *Daigle*, 782 P.2d at 1383, and absent any other statutory basis for Plaintiffs' claim, the Court concludes that Oklahoma law does not permit Plaintiffs to assert a direct cause of action against Lexington and SR International.

C.     **Effect of Federal Statutes and Regulations Governing Registration**

In arguing that Lexington and SR International are proper parties "irrespective of whether they have filed their policies with the Oklahoma Corporation Commission" (Pls.' Resp. at 2), Plaintiffs rely 49 U.S.C. § 13902(a)(1), which provides that the Secretary of Transportation shall register an entity as a motor carrier if the entity is willing and able to comply with certain requirements. In particular, the Secretary "may register a motor carrier under section 13902 only if the registrant files with the Secretary a bond, insurance policy, or other type of security approved by the Secretary, in an amount...prescribe[d] pursuant to, or...required by, sections 31138 and 31139, and the laws of the State or States in which the registrant is operating, to the extent applicable." 49 U.S.C. § 13902(a)(1). Citing 49 C.F.R. § 367.3, Plaintiffs assert that "[o]nce a carrier has obtained their federal permit, they need only register in the state where their

principal place of business is located or where they will operate the largest number of vehicles." (Pls.' Resp. at 4.) For "motor carrier[s] operating in interstate or foreign commerce in one or more participating states...such [annual] registration shall be deemed to satisfy the registration requirements of all participating States." 49 C.F.R. § 367.4(b).

Ignoring Plaintiffs failure to provide any allegations, much less evidence, that J.B. Hunt has obtained a federal permit or that it has registered in its principal place of business or the place where it will operate the largest number of motor vehicles—presumably a location other than Oklahoma—the Court notes that J.B. Hunt's registration to conduct business in Oklahoma has not been challenged. Indeed, whatever the effect of the statutes and regulations cited by Plaintiffs might have been had J.B. Hunt failed to comply with Okla. Stat. tit. 47, § 230.30(A), the uncontested facts before the Court indicate that J.B. Hunt has in fact complied with the statute's requirements. In addition, although Plaintiffs assert that "[o]nly the registration state may require the filing of proof of insurance" (Pls.' Resp. at 4), even if true, Plaintiffs have failed to demonstrate how this fact would in any way impact whether a direct cause of action exists against a particular insurer under section 230.30(A). As Plaintiffs acknowledge, because "federal law does not address direct actions, this Court should...look to Oklahoma law." (*Id*. at 5.)

Regardless of whether Oklahoma may require J.B. Hunt to file its excess insurance policies with Lexington and SR International with the Oklahoma Corporation Commission for approval, the simple fact is that, under the uncontested facts of this case, J.B. Hunt has not done so. Likewise, whether the filing and approval of those policies with another state would constitute constructive filing and approval by the Oklahoma Corporation Commission, a

11

precondition to establishing direct liability against Lexington and SR International under section 230.30(A) and the reasoning in *Jacobsen*, is also irrelevant, as Plaintiffs have not alleged that those policies were filed, approved, or formed the basis of J.B. Hunt's receiving a motor carrier license in any state other than Oklahoma. Instead, the Court concludes that Plaintiffs' argument on this point is entirely irrelevant to the issues presented in the instant motion.

## Conclusion

For the reasons set forth above, the Motion for Summary Judgment and Brief in Support of Defendants Lexington Insurance Company and SR International Business Insurance Co., LTD (Docket No. 249) is GRANTED.

IT IS SO ORDERED this 2nd day of July, 2007.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma