IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| I. DALE LAMB, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE SCOTTS MIRACLE-GRO ) | |
| COMPANY, et al, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | Case No. 06-CV-32-JHP |
| ) | |
| J.B. HUNT TRANSPORT, INC., ) | |
| ) | |
| Defendant and ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STANDARD WASTE SYSTEMS, LTD, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court are Plaintiffs' Motion to Reconsider the Order and Opinion as to Defendants J.B. Hunt Transport, Inc. and Daniel Kuder's Motion for Summary Judgment (Docket No. 384), the Response of Defendants J.B. Hunt Transport, Inc. and Daniel Kuder to Plaintiffs' Motion to Reconsider the Order and Opinion as to Defendants J.B. Hunt Transport, Inc. and Daniel Kuder's Motion for Summary Judgment (Docket No. 388), and Plaintiffs Defendants' response in opposition, and Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Reconsider the Order and Opinion as to Defendants J.B. Hunt Transport, Inc. and Daniel Kuder's Motion for Summary Judgment (Docket No. 389). For the reasons stated below,

1

Plaintiffs' motion is DENIED.

## Background

On June 25, 2004, Defendant Daniel Kuder, a truck driver and employee of Defendant J.B. Hunt Transport, Inc., retrieved one of J.B. Hunt's trailers from the Wal-Mart Distribution Center in Sanger, Texas. After inspecting the trailer and finding it to be clean, Kuder transported it to the Dallas, Texas, collection facility of Defendant Standard Waste Systems, Ltd, a paper recycling company, where Standard Waste's employees loaded the trailer with bales of recyclable paper. Kuder then hauled the trailer to Muskogee, Oklahoma, where he dropped it off at non-party Georgia Pacific's processing plant.

After unloading the recyclable paper from J.B. Hunt's trailer, Plaintiffs, primarily employees of Georgia Pacific, began to sweep dust and debris from the bed of the trailer. During this process, Plaintiffs experienced various adverse reactions, including coughing, shortness of breath, and irritation of their eyes, noses, and skin. In response, both Georgia Pacific and J.B. Hunt collected samples of the dust and debris contained in the trailer and had them analyzed. The samples tested positive for sodium pentachlorophenolate or sodium pentachlorophenol (sodium PCP), a hazardous material.

On January 23, 2006, Plaintiffs, including the family members of the injured employees, instituted the present action, alleging that as a result of the negligence of J.B. Hunt, Plaintiffs had been exposed to sodium PCP. As a result of their alleged injuries, Plaintiffs sought damages for medical expenses, pain, suffering, impairment, disfigurement, lost earnings, permanent injuries, and loss of consortium. Subsequently, Plaintiffs amended their complaint to assert similar claims against Kuder, Standard Waste, and Defendant Scotts Miracle-Gro Company and its subsidiaries.

On May 18, 2007, J.B. Hunt and Kuder (collectively, "the J.B. Hunt Defendants") filed a motion for summary judgment, asserting that no genuine issues of material fact remained regarding Plaintiffs' negligence claim against them and that they were entitled to judgment as a matter of law. On July 2, 2007, the Court entered its Order and Opinion granting the J.B. Hunt Defendants' motion for summary judgment. In response, on August 1, 2007, Plaintiffs filed their motion to reconsider, requesting that the Court "reconsider and reverse its prior Order in favor of [J.B.] Hunt and Kuder and set this matter for pretrial conference and jury trial." (Pls.' Mot. at 8.)

**Discussion**

Although "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider,'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), "any order...which adjudicates...the rights and liabilities of fewer than all the parties...is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). In their motion, Plaintiffs request that the Court reconsider its order granting the J.B. Hunt Defendants' motion for summary judgment. As the Court's order resolves the rights and liabilities of fewer than all of the parties to this action, and has not otherwise been certified as final pursuant to Rule 54(b), the Court finds that its previous order is subject to revision and that a motion to reconsider is an appropriate vehicle for requesting that the Court do so.

In their motion, Plaintiffs first request, albeit indirectly, that the Court reconsider its finding that Plaintiffs "did not challenge Kuder's assertion that the trailer was 'clean.'" (Pls.' Mot. at 2.) Plaintiffs assert that they "specifically contested this statement of fact in [their] brief by challenging the basis by which Kuder's opinion was based." (*Id.*) Moreover, Plaintiffs note

3

that they "specifically raised the issue of the condition of the trailer at the time Kuder selected it at the Wal-Mart Distribution Center as a genuine issue of material fact." (*Id.*)

The statement of material fact to which Plaintiffs refer is set forth in paragraph 3 of the J.B. Hunt Defendants' motion for summary judgment, which provides:

> Mr. Kuder found trailer number 564531. He hooked it up to his truck and began his usual process of inspecting the trailer prior to taking it off the Wal-Mart property. Mr. Kuder looked over the tires, lights and mudflaps and then climbed into the trailer to make sure there were no holes in the roof and to check for debris and trash in the bottom of the trailer. *The trailer was clean and in good condition*.

(Defs.' Mot. Summ. J. ¶ 3 at 3) (emphasis added). In spite of Plaintiffs' contention that they specifically contested this statement of material fact, the Court notes that Plaintiffs' response to the J.B. Hunt Defendants' motion does not challenge the entirety of paragraph 3, nor even that portion of paragraph 3 in which the J.B. Hunt Defendants state that Kuder found the trailer to be "clean and in good condition." Instead, referring specifically to the J.B. Hunt Defendants' assertion that Kuder "found a trailer, hooked it up, and 'began his usual process' of preparing the trailer," Plaintiffs state only that they "disagree that Defendant Kuder followed the usual process." (Pls.' Resp. Defs.' Mot. Summ. J. at 2.)

Local Civil Rule 56.1(c) provides that "[a]ll material facts set forth in the statement of material facts of the movant shall be deemed admitted for the purposes of summary judgment unless specifically controverted by the statement of material facts of the opposing party." Moreover, an opposing party seeking to dispute a movant's statement of material facts must set forth its own "concise statement of material facts to which the party asserts genuine issues of fact exist," and "[e]ach fact shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies and, if applicable, shall state the numbered

4

paragraphs of the movant's facts that are disputed." *Id*.

Because Plaintiffs specifically limited their statement of "Controverted Material Facts" to the J.B. Hunt Defendant's assertion that "Kuder followed his usual process [of preparing the trailer]" (Pls.' Resp. Defs.' Mot. Summ. J. at 2), pursuant to Local Civil Rule 56.1(c), the Court deemed the remainder of the J.B. Hunt Defendants' statements of material fact, none of which were specifically controverted by Plaintiffs, to be admitted for purposes of the J.B. Hunt Defendants' motion. Although Plaintiffs thereafter asserted that one "genuine issue[] of material [fact]..in dispute" was "[w]hether PCP was in the trailer before...Kuder picked up the load of waste paper at [Standard Waste's] facility" (Pls.' Resp. Defs.' Mot. Summ. J. at 5), the Court notes that for summary judgment purposes, an issue is genuine only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Given Plaintiffs' failure to specifically controvert the J.B. Hunt Defendants' statement of fact that "[t]he trailer was clean and in good condition" at the time Kuder retrieved it from the Wal-Mart Distribution Center, as well as Plaintiffs' failure to present any contrary evidence, the Court found that there was no genuine issue as to whether sodium PCP was present in the trailer when Kuder first inspected it.

Plaintiffs also assert that "[i]t is undisputed that sodium PCP was in the trailer" because "[t]his Court has ruled as a matter of law that the recyclable paper from Standard Waste Systems was not the source." (Pls.' Mot. at 3.) According to Plaintiffs, as a result of the Court's July 2, 2007, order granting Standard Waste's motion for summary judgment, "the only conclusion that remains is that the sodium PCP was from a prior load and, therefore, present in the trailer at the time Kuder picked [it] up at [the] Wal-Mart [Distribution Center]." (*Id.*) Contrary to Plaintiffs

assertion, however, the Court's order did *not* conclude as a matter of law that Standard Waste's paper was not the source of the sodium PCP that Plaintiffs allege caused their injuries. Instead, the Court merely found that "even after drawing all reasonable inferences in their favor, Plaintiffs have failed to come forward with sufficient evidence from which a reasonable jury could find that Standard Waste's paper was more likely than not the source of the PCP in J.B. Hunt's trailer." (Order at 8.) Plaintiffs failure to satisfy their evidentiary burden in responding to Standard Waste's motion for summary judgment does conclusively establish, as a matter of law, the contrary proposition for purposes of the J.B. Hunt Defendants' motion for summary judgment.

Finally, Plaintiffs raise additional arguments concerning whether the J.B. Hunt Defendants owed a duty of care to Plaintiffs and whether Kuder breached that duty by failing to sweep the trailer when he first retrieved it from the Wal-Mart Distribution Center. As is clear from the terms of Plaintiffs' own motion, however, the success of these additional arguments depends upon Plaintiffs first establishing that sodium PCP was present in the trailer at the time Kuder inspected and failed to sweep the trailer. Given the Court's prior resolution of this issue, both in its order granting the J.B. Hunt Defendants' motion for summary judgment and again in this order, the Court finds Plaintiffs' additional arguments to be unpersuasive. Instead, the Court concludes that Plaintiffs have not provided any new evidence or demonstrated any improper factual or legal conclusions justifying reconsideration of the Court's previous order granting the J.B. Hunt Defendants' motion for summary judgment.[1]

---

[1] To the extent that the J.B. Hunt Defendants request that the Court award them their attorney fees and costs incurred in responding to Plaintiffs' motion, the Court declines to do so. The Court does not find, as the J.B. Hunt Defendants suggest, that Plaintiffs "seek to further

**Conclusion**

For the reasons set forth above, Plaintiffs' Motion to Reconsider the Order and Opinion as to Defendants J.B. Hunt Transport, Inc. and Daniel Kuder's Motion for Summary Judgment (Docket No. 384) is hereby DENIED.

IT IS SO ORDERED this 10th day of September, 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

delay these proceedings and cause [the J.B. Hunt] Defendants additional expense." (Defs.' Resp. at 7.) Likewise, although the Court finds that Plaintiffs motion does not justify reconsideration of its order, the Court does not believe the motion so frivolous as to warrant sanctions pursuant to Fed. R. Civ. P. 11(c).