IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| I. Dale Lamb, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE SCOTTS MIRACLE-GRO | ) | |
| COMPANY, et al, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | Case No. 06-CV-32-JHP |
| | ) | |
| J.B. HUNT TRANSPORT, INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANDARD WASTE SYSTEMS, LTD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

Before the Court is Plaintiffs' Second Amended Motion to Review Costs in Favor of

Defendant J.B. Hunt Transport, Inc. (Docket No. 408).

**BACKGROUND**

The Court granted summary judgment in favor of Defendant J.B. Hunt Transport, Inc. on

July 2, 2007 (Docket No. 346). J.B. Hunt subsequently filed a Bill of Costs and Brief in Support

(Docket Nos. 369, 370) seeking to recover $14,027.59 in costs incurred during the course of the

litigation. On January 24th, 2008, the Court Clerk entered an Order Taxing Costs in favor of J.B.

Hunt in the amount of $11,739.44 (Docket No. 403). On January 29th, 2008, Plaintiffs timely sought

district court review of the Court Clerk's Order (Docket No. 404). The Court held a hearing on the

motion February 22, 2008, and heard argument on each of the issues raised by the motion.

In their original motion (Docket No. 404), Plaintiffs sought a reduction in cost, an "offset"

in cost based upon three of Plaintiffs' Motions for Attorney Fees and Costs, and an order staying

execution of the costs pending appellate review of this Court's order granting summary judgment

in favor of Defendant J.B. Hunt Transport, Inc.

Plaintiffs have since amended their motion, and it is that second amended motion the Court

considers here. In the instant motion, Plaintiffs re-urge their request for certain attorney fees and

costs arising out of discovery disputes, but inform the Court that the parties have reached an

agreement as to the amount of costs assessed by the Court Clerk and the timing of the payment of

those costs. The Court therefore finds those issues moot and only addresses Plaintiffs' three Motions

for Attorney Fees and Costs.

## DISCUSSION

**A.      Attorney Fees and Costs Arising out of the September 7, 2006 Motion to Enforce
Order Compelling Discovery from J.B. Hunt (Docket No. 93)**

Plaintiffs seek attorney fees and costs arising out of their September 7, 2006 Motion to

Enforce Order Compelling Discovery from J.B. Hunt (Docket No. 93). The Court referred the

motion to Magistrate Judge for report and recommendation on October 5, 2006 (Docket No. 98). The

Magistrate Judge issued her Report and Recommendation on October 6, 2006 (Docket No. 99). The

Magistrate Judge recommended the motion be deemed confessed based upon J.B. Hunt's failure to

respond to the motion within the time allowed by LcvR 7.1(f). The Magistrate Judge also

recommended Plaintiffs be awarded attorney fees and costs incurred preparing the motion. On

October 16, 2006, J.B. Hunt objected to the Report and Recommendation arguing it had complied

with the underlying motion to compel, thus mooting Plaintiffs' motion to enforce (Docket No. 107).

Plaintiffs filed their Statement of Attorney Fees and Costs arising out of this motion on

October 16, 2006 (Docket No. 110). Plaintiffs sought $1,859.55 (6.1 hours at $300 per hour plus

$29.55 in expenses). J.B. Hunt objected to this statement of Attorney Fees and Costs on November

8, 2006, after the time to respond contemplated by LCvR 7.1 had run. (Docket No. 120).[1] J.B. Hunt

argued the claimed $300 per hour in attorney fees was excessive. Plaintiffs replied on November 16,

2006, arguing the untimeliness of J.B. Hunt's response, as well as defending the $300 per hour fee

(Docket No. 124). This Court affirmed and adopted the Report and Recommendation on January 29,

2007, (Docket No. 156) but deferred its ruling on the Statement of Attorney Fees and Costs until the

conclusion of the case.

With that issue now before the Court, the Court now determines the amount of attorney fees

and costs to which Plaintiffs are entitled. The Court finds Plaintiffs' time entries to be detailed

enough for the Court to evaluate the reasonableness of the claimed time, and finds 6.1 hours to be

a reasonable amount of time to have spent on the tasks identified in Plaintiffs' time sheet. The Court

does not address the objection to the claimed fee, however, because in the instant Motion to Review

Costs in Favor of Defendant J.B. Hunt Transport, Inc. (Docket No. 404), Plaintiffs' counsel has

indicated that $250 per hour is a fee more in line with market rates. J.B. Hunt has not objected to

this more reasonable rate. Therefore, the Court finds that Plaintiffs are entitled to attorney fees and

---

[1]J.B. Hunt has raised additional objections to Plaintiffs' Statement of Attorney Fees and Costs in its
response (Docket No. 409) to the instant motion. Plaintiffs' instant motion, however, simply seeks a ruling on the
statement of costs (Docket No. 110) accompanying the report and recommendation recommending fees (Docket No.
99), which has been at issue for well over a year. J.B. Hunt never objected to the Statement of Attorney Fees and
Costs within the time contemplated by LCvR 7.1. The Court therefore disregards any attempts to object at this late
hour.

costs in the amount of $1,554.55 (6.1 hours at $250 per hour plus $29.55 in expenses).

Plaintiffs are thus awarded attorney fees and costs in the amount of $1,554.55.

**B.** **Attorney Fees and Costs Arising out of the December 15, 2006 Motion to Enforce Order for Production of Insurance Documents (Docket No. 131)**

Plaintiffs seek to re-urge their Motion for Attorney Fees and Costs arising out of Plaintiffs' Motion to Enforce Order for Production of Insurance Documents originally filed on December 15, 2006 (Docket No. 131). On December 28, 2006, J.B. Hunt responded to the motion to enforce (Docket No. 138), claiming that Plaintiffs' motion was moot based on J.B. Hunt's alleged compliance with the underlying order for production. On January 11, 2007, the Court struck the motion for fees and cost to be re-urged at the conclusion of the case (Docket No. 144), but referred the motion to enforce to the Magistrate Judge (Docket No. 145). On January 26, 2007, the Magistrate Judge found the motion to enforce moot (Docket No. 155). The Magistrate Judge based her finding of mootness on the fact that counsel for J.B. Hunt produced the insurance documents in question prior to the hearing on the motion.

Plaintiffs now argue they are entitled to the attorney fees and costs incurred in preparing the motion to enforce. The Court agrees. Plaintiffs counsel testified at the February 22, 2008 hearing on the instant motion that the documents in question were not produced until after the motion to enforce was filed and just prior to the hearing on that motion to enforce. Although the motion was found to be moot, Plaintiffs were nonetheless forced to prepare and file the motion because of J.B. Hunt's continued refusal to produce the insurance documents in question. The Court therefore finds that Plaintiffs are entitled to the attorney fees and costs incurred preparing that motion.

Plaintiffs have submitted to the Court an affidavit claiming $879.48 in fees and costs (Docket No. 404, Exhibit "A"). The affidavit claims 3.45 hours (at $250 per hour) were spent preparing and

filing the motion. J.B. Hunt has objected, claiming that 3.45 hours is excessive.[2] The Court has reviewed the motion and finds it to be a simple, straightforward motion to enforce involving no complex issues or novel questions of law. The Court finds that 3.45 hours is an excessive amount of time to have spent preparing the four page motion. The Court therefore reduces the claim to 1.7 hour—a reasonable amount of time to spend preparing such a motion. Plaintiffs are thus entitled to $425 in attorneys fees, plus $16.98 in expenses, for a total of $441.98.

Therefore, Plaintiffs' Motion for Attorney Fees and Costs is GRANTED, and Plaintiffs are awarded attorney fees and costs in the amount of $441.98.

**C.    Attorney Fees and Costs Arising out of the July 20, 2007 Motion for Attorney Fees (Docket No. 376)**

Plaintiffs claim they are entitled to attorney fees and costs relating to their July 20, 2007 Motion for Attorney Fees (Docket No. 376). That motion sought fees and costs from J.B. Hunt based upon counsel for J.B. Hunt's failure to appear at a scheduled deposition. On August 3, 2008, counsel for J.B. Hunt filed a response (Docket No. 387) indicating that the parties had reached a private resolution of the matter whereby counsel for J.B. Hunt agreed to pay the fees and costs. The Court therefore entered an order (Docket No. 393) on September 10, 2007, finding the Motion for Attorney Fees moot. At the February 22, 2008 hearing, counsel for both parties again indicated to the Court that a private resolution had been reached whereby counsel for J.B. Hunt agreed to pay Plaintiffs $1,047.53 in fees and costs. Based upon the Courts previous order finding the issue moot, and based upon the representations of the parties that an agreement has been reached, the Court considers the matter resolved.

---

[2]J.B. Hunt's objections to this motion for attorney fees and costs (Docket No. 131) *are* timely. The motion was originally struck by the Court to be re-urged at the conclusion of the case. Plaintiffs now re-urge the motion via the instant motion to review costs, thus restarting the running of the response time.

## CONCLUSION

For the reasons set forth above, Plaintiffs are awarded attorney fees and costs in the amount of $1,554.55 for those fees and costs arising out of Plaintiffs' Motion to Enforce Order Compelling Discovery from J.B. Hunt (Docket No. 93).

Plaintiffs' Motion for Attorney Fees and Costs arising out of the Motion to Enforce Order for Production of Insurance Documents (Docket No. 131) is GRANTED, and Plaintiffs are awarded attorney fees and costs in the amount of $441.98.

IT IS SO ORDERED this 17th day of March, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma